```
          UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KENNETH JOHNSON,           :
                                :
          Plaintiff             :   No. 4:CV-05-0837
                                :
     vs.                        :   (Complaint Filed 04/27/05)
                                :
                                :   (Judge Muir)
DENNIS WIEDERHOLD, et al.,      :
                                :
          Defendants            :
```

**ORDER**

August 16, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, an inmate presently confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court are plaintiff's motions for appointment of counsel (Doc. Nos. 17, 25). For the following reasons, the court will deny the motions.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, Parham vs. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Montgomery vs. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002);

Tabron vs. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey vs. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or here own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from

expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Assuming, solely for the purpose of deciding this motion, that the complaint has arguable merit, Johnson fails to set forth circumstances warranting appointment of counsel. Tabron, supra, at 155-56. In his pleadings, Johnson demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively uncomplicated, encompass well-settled areas of the law and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Johnson's capabilities.

Based on the foregoing, it does not appear that Johnson will suffer prejudice if forced to prosecute this case on his own. Furthermore, this court's duty to construe *pro se* pleadings liberally, Haines vs. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Thus, the court will deny Johnson's motions for appointment of counsel. In the event, however, that future proceedings

demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of plaintiff.

IT IS HEREBY ORDERED that plaintiff's motions for appointment of counsel (Doc. Nos. 17, 25) are **DENIED.**

   s/Malcolm Muir

MUIR
United States District Judge