```
        UNITED STATES DISTRICT COURT FOR THE
           MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KENNETH JOHNSON,          :
                               :
         Plaintiff             :   No. 4:CV-05-0837
                               :
    vs.                        :   (Complaint Filed 04/27/05)
                               :
                               :   (Judge Muir)
DENNIS WIEDERHOLD, et al.,     :
                               :
         Defendants            :
```

**ORDER**

August 16, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Plaintiff, an inmate presently confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are Pottsville Police Officers Wiederhold and Yodder, and Schuylkill County Prison officer Lt. Rizzardi. Johnson alleges that officers Wiederhold and Yodder subjected him to excessive force during his arrest and that Lt. Rizzardi subjected him to verbal harassment upon his entry into the Schuylkill County Prison. (Doc. No. 1). Presently before the court are plaintiff's motions to amend his complaint to add his wife, Grace A. Kolvites, as an additional defendant. (Doc. Nos. 18, 26). For the

reasons set forth below, the motions will be denied.

**Discussion**

Federal Rule of Civil Procedure 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." This court initially notes that Rule 15 has a liberal amendment of complaint policy. Foman vs. Davis, 371 U.S. 178, 181-82 (1962).

In order to prevail on a claim made under 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). In this case, plaintiff seeks to amend his complaint to add his wife, Grace A. Kolvites, as a defendant. This defendant, however, is a private individual and, as such, cannot have liability imposed against her in a § 1983 action, because she does not act under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988)(holding that 42 U.S.C. § 1983 does not create a private cause of action against those who do

2

not "under color of state law" violate the federally protected rights of others). While it is well-recognized that liberal standards are to be applied to pro se litigants, Haines vs. Kerner, 404 U.S. 519, 520 (1972), the plaintiff's motions are legally without merit and will be denied.

IT IS HEREBY ORDERED that plaintiff's motions to amend his complaint to include an additional defendant (Doc. Nos. 18, 26) are **DENIED**.

                s/Malcolm Muir

                MUIR
                United States District Judge