UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN KENNETH JOHNSON, :
:
    Plaintiff : No. 4:CV-05-0837
:
  vs. : (Complaint Filed 04/27/05)
: (Judge Muir)
DENNIS WIEDERHOLD, et al., :
:
    Defendants :

**ORDER**

February 8, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Plaintiff, an inmate presently confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named defendants are Pottsville Police Officers Wiederhold and Yodder, and Schuylkill County Correctional Officer, Lt. Rizzardi.

    Johnson alleges that the Pottsville Police Officers subjected him to excessive force in effectuating his arrest. He further claims that these officers informed Lt. Rizzardi that plaintiff was a "baby rapper (sic) and a "diddler" and that Lt. Rizzardi repeated this to other inmates, thereby impugning plaintiff's character. (Doc. No. 1, complaint).

Specifically, with respect to defendant Rizzardi, Johnson states that on December 23, 2004, defendant Rizzardi "walked the plaintiff down to F-Block and screamed this guy is a diddler", which plaintiff claims is "a baby rapper (sic)." (Doc. No. 1, complaint). He claims that defendant Rizzardi "screamed it so other inmates heard him." Id. Plaintiff states that "this in not [his] charge, and that "this is prejudice and unlawful." Id. Attached to Johnson's complaint are copies of grievances he filed regarding his claim against Lt. Rizzardi. One of the grievances evinces plaintiff's claim of slander: "You misunderstood. The civil suit is for slander...." (Doc. No. 1, complaint at p. 9). On April 27, 2005, Johnson filed the instant action in which he seeks compensatory and punitive damages.

Presently before the court is a motion to dismiss, filed on behalf of defendant, Lt. Rizzardi. The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the motion will be granted and defendant Rizzardi will be dismissed from this action.

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford vs. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 514 (2002). Consistent with these principles, the court must grant leave to amend before dismissing a claim that is merely deficient. See Shane vs. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

Johnson's defamation claim is founded in tort law. The United States Supreme Court has emphasized: "We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.' " Daniels vs. Williams, 474 U.S. 327, 332 (1986) (quoting Paul vs. Davis, 424 U.S. 693, 701 (1976)). Moreover, a person does not have a Constitutionally protected interest in his or her reputation. Paul, 424 U.S. at 701-02. Thus, the plaintiff's claim of slander or defamation do not rise to the level of a constitutional deprivation. Paul, supra; Church vs. Hamilton, 444 F.2d 103 (3d Cir. 1971).

IT IS HEREBY ORDERED that:

1. The motion to dismiss filed by defendant, Lt. Rizzardi (Doc. No. 22) is **GRANTED**.

2. The Clerk of Court is directed to terminate defendant, Lt. Rizzardi as a party to this action.

s/Malcolm Muir  
MUIR  
United States District Judge